Stanley W. KLINE, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. C82–3588.

United States District Court, N.D. Ohio, E.D.

March 30, 1984.

Gerald A. Berk, Steuer, Escovar & Berk Co., L.P.A., Cleveland, Ohio, for plaintiff.

Seth Heald, Jason Green, Tax Div., Dept. of Justice, Washington, D.C., John M. Siegel, Asst. U.S. Atty., Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER

KRENZLER, District Judge.

Plaintiff, Stanley W. Kline, filed this action on December 15, 1982, seeking a re-

fund of penalties assessed against him for negligent or intentional disregard of rules and regulations in the preparation of income tax returns.

Presently pending before the Court is the defendant United States of America's motion, pursuant to Fed.R.Civ.P. 12(b)(1), to dismiss this action for lack of subject matter jurisdiction.[1] The defendant asserts in its motion that plaintiff has failed to meet the jurisdictional prerequisites for bringing this action.

Plaintiff, a certified public accountant, prepared a return of partnership income, Form 1065, for a real estate partnership known as Southway Warehouse Properties for the year 1977. Plaintiff also prepared, in addition to the partnership return, associated Schedule K–1s for each of the 19 partners, advising each partner of the amount of loss reportable on the individual's return.

The Internal Revenue Service (IRS) determined on December 22, 1980, pursuant to 26 U.S.C. § 6694(a), that tax return preparer penalties should be assessed against plaintiff on the grounds that excessive deductions were reported on the return. A total of nineteen $100.00 penalties were assessed against plaintiff because the excessive loss reported on the partnership return resulted in deficiencies on each of the 19 individual partners' returns.

The IRS sent plaintiff letters, on December 24, 1980, notifying him that five of the penalties were being assessed immediately due to the imminent expiration of the statute of limitations as to those five penalties. Assessment and demand for payment of the five penalties was made on December 30, 1980.

Plaintiff was advised of the remaining 14 penalties by letter dated February 12, 1981. Assessment and demand for payment of the 14 penalties was made on March 1, 1981.

Plaintiff responded to the two sets of assessments by filing written protests on February 5, 1981, and February 17, 1981, respectively. On December 3, 1981, plaintiff was notified that the administrative appeal of the penalties was denied.

On May 11, 1982, plaintiff made nineteen $15.00 payments representing 15 percent of the nineteen $100.00 penalties. On May 15, 1982, plaintiff filed a claim for a refund with the IRS. The IRS did not act on plaintiff's refund claim and, on December 15, 1982, plaintiff filed the present action seeking a refund of the amounts paid.

■ It is well established that the entire assessment must first be paid in order to establish jurisdiction for a district court to hear an income tax refund suit. *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958, *aff'd on rehearing*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). However, 26 U.S.C. § 6694(c) provides an exception to the general requirement of full payment.[2]

1. Although defendant's motion has been pending over two months, plaintiff has failed to file a response to it.

2. 20 U.S.C. § 6694(c) provides in pertinent part:
   **(1) In general.**—If, within 30 days after the day on which notice and demand of any penalty under subsection (a) or (b) is made against any person who is an income tax return preparer, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun as provided in paragraph (2). Notwithstanding the provisions of section 7421(a), the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.
   **(2) Preparer must bring suit in district court to determine his liability for penalty.**—If, within 30 days after the day on which his claim for refund of any partial payment of any penalty under subsection (a) or (b) is denied (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund), the income tax return preparer fails to begin a proceeding in the appropriate United States district court for the determination of his liability for such penalty, paragraph (1) shall cease to apply with respect to such penalty, effective on the day following the close of the applicable 30-day period referred to in this paragraph.

**340**

Under § 6694(c), a tax return preparer against whom penalties have been assessed may bring an action challenging those assessments in district court, without full payment of the penalties, if, within 30 days after the assessment is made, he pays 15 percent of the penalties, and, thereafter, pursues an unsuccessful claim for a refund with the IRS. An action in district court must be brought within 30 days of the earlier occurrence of either the rejection of the claim by the IRS, or the expiration of six months after the claim is filed without a determination by the IRS.

■ In the present case, plaintiff did not pay 15 percent of the penalties assessed against him within 30 days of the assessment. Instead, plaintiff first sought to challenge the assessment by written protests. On December 3, 1981, the IRS denied plaintiff's written protests of the assessments. Plaintiff then waited until May 11, 1982, to pay the required 15 percent, over 14 months after the last assessments were made. Plaintiff filed his claim for a refund with the IRS on May 15, 1982, and, when no determination of that claim was made, filed the present action on December 15, 1982.

Accordingly, plaintiff having failed to follow the procedure set forth in 26 U.S.C. § 6694(c), this Court finds that it lacks subject matter jurisdiction over this action. The defendant's motion to dismiss is, therefore, granted.

IT IS SO ORDERED.